IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-02590-EWN-BNB

LUIS ALVARIZA,
MERRI BETH BALDWIN,
REBECCA GUTIERREZ, and
KATHERINE BOAZ,

Plaintiffs,

v.

HOME DEPOT,

Defendant.
_____

**ORDER**
_____

This matter is before me on **Plaintiffs' Motion for Order Amending Scheduling Order to Permit Additional Time to Designate Expert Witness and Extending Discovery Deadline for 60 Days** [Doc. # 35, filed 7/12/2006] (the "Motion"). The Motion seeks the following relief: (1) extension of the deadline to designate experts by 30 days, from July 3, 2006 to August 3, 2006; (2) extension of the discovery cut-off by 60 days, from August 21, 2006, to October 21, 2006; and (3) "corresponding extension[s] of all other deadlines," which would include the deadline to designate rebuttal experts and the dispositive motion deadline.

The Motion is opposed. Because the plaintiffs have failed to establish good cause to amend the scheduling order and extend the pertinent deadlines, including particularly the dispositive motion deadline, the Motion is DENIED.

On December 21, 2005, the district judge entered a General Case Management Order and

Order of Reference to United States Magistrate Judge, setting the dispositive motion deadline as August 21, 2006. The order of reference imposes the following limitation on my authority to extend the dispositive motion deadline:

> The magistrate judge designated below may modify this deadline for any particular motion or for all such motions if the modification results in *shortening* the deadline. ***The deadline shall not be extended*** except by my order, entered only upon (1) written motion demonstrating "good cause" for an extension (*see* Fed. R. Civ. P. 16(b)) and (2) the assigned magistrate judge's written recommendation setting forth the reasons for believing there is "good cause" for the extension and proposing that the motion be granted.

In the event I conclude that no good cause exists for an extension of the dispositive motion deadline, the order of reference does not preclude me from denying the motion.

In denying the Motion, I have applied the good cause standard as defined in the Advisory Committee Notes to Rule 16, Fed. R. Civ. P., which is:

> [T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension. Since the scheduling order is entered early in the litigation, this standard seems more appropriate than a "manifest injustice" or "substantial hardship" test.

Advis. Comm. Notes for 1983 Amend. I also considered the explanation of good cause set out in Dilmar Oil Co., Inc. v. Federated Mutual Ins. Co., 986 F. Supp 959, 980 (D.S.C. 1997), aff'd, 129 F.3d 116 (4th Cir. 1997):

> Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that scheduling deadlines cannot be met despite a party's diligent efforts. . . . Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

(Internal citations omitted.)

Applying this standard to the facts of this case leads me to conclude that good cause does not exist justifying the requested extensions. In reaching my conclusion, I note that the principal basis offered in support of the Motion is that "by shear inadvertence [an improper] expert designation date was recorded into counsel's scheduling system." Motion at ¶1. As noted above, "[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Dilmar Oil, 986 F. Supp at 980.

The plaintiffs also claim that discovery "has barely commenced." Motion at ¶2. To the contrary, the scheduling conference occurred on April 13, 2006, and the discovery cut-off is August 21, 2006. Consequently, most of the discovery period already has elapsed.

The plaintiffs also assert that they "had been discussing the potential of engaging two experts to opine in this case. On died; one retired." Motion at ¶3. No details are provided about when the discussions occurred or when the potential experts became unavailable.

On the facts presented to me, I cannot say that the plaintiffs could not have complied with the scheduling deadlines had they exercised reasonable diligence.

IT IS ORDERED that the Motion is DENIED.

Dated July 19, 2006.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge