IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-02590-EWN-BNB

LUIS ALVARIZA,
MERRI BETH BALDWIN,
REBECCA GUTIERREZ, and
KATHERINE BOAZ,

Plaintiffs,

v.

HOME DEPOT,

Defendant.
_____

**ORDER**
_____

This matter is before me on plaintiffs' **Motion for Sanction of Adverse Inferences Under Fed. R. Civ. P. 37(c)** [Doc. # 69, filed 11/6/2007] (the "Motion for Sanctions"). The Motion for Sanctions is DENIED.

I.

By an order [Doc. # 56] entered on September 1, 2006, I required the defendant ("Home Depot") to produce its chief executive officer, Richard Nardelli, for a two hour deposition. I ordered that the deposition be completed by September 29, 2006.

The discovery dispute underlying my order compelling the Nardelli deposition arose at the end of the discovery period, which closed on August 21, 2006. I ordered that Mr. Nardelli appear for his deposition based primarily on evidence that Mr. Nardelli and one of the plaintiffs, Luis Alvariza, had a private conversation during a walk-through of a Home Depot store during which

no other witnesses were present. Importantly, the ordered discovery hd nothing to do with issues of employees "similarly situated" to the plaintiffs'.

The deposition of Mr. Nardelli never occurred. To the contrary, it was abandoned by the plaintiffs. The circumstances leading to the plaintiffs' decision to abandon Mr. Nardelli's deposition are described by the plaintiffs as follows:

> On or about September 8, 2006, counsel for Home Depot called counsel for Plaintiffs to explore a "horse trade" to release Home Depot from producing Mr. Nardelli for deposition. Home Depot offered to produce 22 personnel files of "similarly situated" employees if Plaintiffs would release Home Depot of the Nardelli deposition obligation.

*Motion for Sanctions*, at p.2.

Home Depot describes the circumstances slightly differently:

> In discussions about scheduling Nardelli's deposition, Home Depot's counsel pointed out that the deposition would only make Plaintiffs' case worse because Nardelli would, in all likelihood, (1) deny that the three-hour solo store walk between a store manager and te CEO ever occurred, and (2) have no memory of any information relevant to Alvariza's specific performance issues. Home Depot agreed (a) to refrain from opposing Plaintiffs' extension of time to respond to its summary judgment motions, (b) to respond to interrogatories that Plaintiffs had not timely served, (c) to produce "performance-related" documents from 22 additional personnel files that Plaintiffs had not previously requested in discovery, (d) to produce certain computer records on the 22 comparators, and (e) to provide a 30(b)(6) witness to testify concerning these documents.

*Defendant's Response to Plaintiffs' Motion for Sanctions of Adverse Inferences Under Fed. R. Civ. P. 37(c)* [Doc. # 85, filed 11/27/2006] (the "Response"), at ¶5.

Case 1:05-cv-02590-EWN-BNB   Document 97   Filed 03/01/07   USDC Colorado   Page 3 of 8

II.

The Motion for Sanctions is premised on Home Depot's failure to maintain complete personnel files for the 22 comparators. The files produced pursuant to the parties' agreement, apparently, were not complete:

> After Home Depot made this supplemental production of additional documents from some of the 22 personnel files, some of the 22 personnel files still contained only 1 page; in some instances, some of the 22 personnel files contained only several pages; and in all instances, the 22 personnel files were not complete personnel files.

*Motion for Sanctions*, at pp.5-6. Although the files produced may not have been complete, Home Depot asserts that it has produced all responsive documents in its possession, custody, and control. *Response*, at p.1 (noting that "[m]any of these documents have, in fact, been produced. Others were never requested. The documents that Plaintiffs actually requested, and that have not already been produced, do not exist in Home Depot's files. The company has made extensive, good-faith efforts to locate them and has produced each and every available document in its possession").

According to Home Depot:

> There is a dispute between the parties concerning the scope of the agreement to produce the 22 personnel files that had not been the subject of any previous document request from Plaintiffs during the discovery period. Simply stated, Home Depot's position is that it agreed to produce all files that existed. Plaintiffs' position is that the agreement was to produce 22 files regardless of whether or not they existed.

*Response*, at ¶8.

The plaintiffs agree about the nature of the dispute but describe it differently:

> Defendant [Home Depot] made an agreement to produce, without qualification, personnel files of 22 employees. . . . Home Depot also admits it understood that it was to provide "performance-related documents on comparitors from 22 additional personnel files." Some time after the agreement was made, but no later than October 13, 2006, Home Depot, for the first time, indicated the agreement was not to produce the personnel files of 22 employees, but rather was to produce those documents it had in its possession. From this faulty (and disingenuous) premise, Defendant argues that it cannot be expected to produce material it does not have and argues further that the material Plaintiffs anticipated receiving are not necessarily the sorts of documents which Home Depot places in personnel files.

*Reply In Support of Motion for Adverse Inferences Under Fed. R. Civ. P. 37(c)* [Doc. # 88, filed 12/12/2006] (the "Reply"), at ¶1.

In addition, the plaintiffs argue that Home Depot is required by 29 C.F.R. § 1602.14 to maintain complete personnel files and that the plaintiffs are entitled to sanctions, in the form of 63 adverse inferences, based on Home Depot's failure to comply with the regulation. *Motion for Sanctions,* at p.10; *Response*, at p.7.

III.

Home Depot was under no obligation, other than its agreement with the plaintiffs, to provide the personnel files of the 22 comparators. I certainly did not order it, and apparently it was not called for by any of the plaintiffs' discovery requests.[1]

---

[1] The plaintiffs claim in their Supplemental Authority [Doc. # 91, filed 1/3/2007] that they sought the information in their Requests for Production of Documents served on Home Depot on July 14, 2006. They point to production request no. 17 (seeking "[t]he personnel file of any individual who replaced any of the Plaintiff") and production request no. 22 (seeking "[t]he personnel file of each employee who is or was in a similar job description, had similar or comparable duties, or who received compensation comparable to each Plaintiff"). Home Depot objected to these requests and produced no documents, but no motion to compel responses was

I am not bound by the agreements of counsel inconsistent with my discovery orders. See, e.g., D.C.COLO.LCivR 6.1(A) (providing that "[n]o stipulation by the parties can affect a date or deadline established by court order, including hearing dates and case management deadlines"). In particular, I am not required to enforce the "horse trade" at issue here, where the plaintiffs intentionally abandoned their right under my order compelling a deposition on a wholly unrelated topic in exchange for Home Depot's agreement to provide documents never sought through formal discovery.

In support of the Motion for Sanctions, the plaintiffs point to Rule 37(c), Fed. R. Civ. P., which provides:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosures.

Rule 26(a) requires initial, voluntary disclosures by a party of, among other things, the identity of witnesses and the description of documents "that the disclosing party may use to support its claims or defenses, unless solely for impeachment. . . ." Fed. R. Civ. P. 26(a)(1). Rule

---

brought. The requests identified are at once both substantially more narrow and substantially more broad than the agreement between the parties. In any event, the production requests do not call for the same materials as are the subject to the parties' agreement; no motion was brought by the plaintiffs to compel responses to the production requests; and no order compelling production was entered.

26(e)(1) requires a party to supplement its initial disclosures "at appropriate intervals" if the initial disclosures were incomplete or incorrect. There is no indication the Home Depot intends to use any of the disputed personnel files in support of its defenses. Rule 26(e)(2) requires a party "seasonably to amend responses to an interrogatory, request for production, or request of admission if the party learns that the response is in some material respect incomplete or incorrect. . . ." The information in dispute here was not sought by a formal discovery request. Consequently, Rule 37(c) does not apply.

Nor can the plaintiffs invoke Rule 37(d), Fed. R. Civ. P., as a basis for their *Motion for Sanctions*. Rule 37(d) provides that a court may impose sanctions where a party fails to respond to interrogatories or requests for production "after proper service" of the discovery requests. That rule is inapplicable because the information at issue here arises from an agreement among the parties and not from interrogatories or production requests properly served on Home Depot.

IV.

The Motion for Sanctions is at its core a spoliation motion. The plaintiffs contend that Home Depot's failure to maintain complete personnel files for the 22 comparators should give rise to an inference that the production of complete files would have been favorable to the plaintiffs. The plaintiffs have failed to establish that Home Depot destroyed the contents of the disputed personnel files in bad faith or that the destruction actually prejudiced the plaintiffs, however, both prerequisites to the sanction of an adverse inference. Specifically:

> [T]he general rule is that bad faith destruction of a document relevant to proof of an issue at trial gives rise to an inference that production of the document would have been unfavorable to the party responsible for its destruction. The adverse inference must be predicated on the bad faith of the party destroying the record.

6

> Mere negligence in losing or destroying records is not enough because it does not support an inference of consciousness of a weak case.

Aramburu v. The Boeing Co., 112 F.3d 1398, 1407 (10th Cir. 1997)(internal citations omitted). In addition, "[t]he burden is on the aggrieved party to establish a reasonable possibility, based on concrete evidence rather than a fertile imagination, that access to the lost material would have produced evidence favorable to his cause." Gates Rubber Co. v. Bando Chemical Industries, Ltd., 167 F.R.D. 90, 104 (D. Colo. 1996)(internal citations and quotations omitted); see Jordan F. Miller Corp. v. Mid-Continent Aircraft, 1998 WL 68879 *6 (10th Cir. February 20, 1998)(unpublished opinion)(holding that "[b]efore a sanction for destruction of the evidence is appropriate. . . . there must also be a finding that the destruction prejudiced the opposing party")(quoting Dillon v. Nissan Motor Co., 986 F.2d 263, 267 (8th Cir. 1993). The plaintiffs have produced no evidence of bad faith destruction of documents and, to the contrary, have failed to rebut Home Depot's contention that any missing documents merely were lost. *Motion*, at pp.7-9; *Response*, at ¶9. In addition, the evidence presented by the plaintiffs that the lost material would have been favorable to their case is completely speculative and is the epitome of a fertile imagination.

The plaintiffs cite Zimmerman v. Associates First Capital Corp., 251 F.3d 376, 383-84 (2d Cir. 2001), for the proposition that bad faith destruction is not required where documents are destroyed in violation of 29 C.F.R. § 1602.14. Accord Hicks v. Gates Rubber Co., 833 F.2d 1406, 1419 and n.5 (10th Cir. 1987)(holding that the plaintiff is entitled to a negative inference where personnel records were destroyed in violation of 29 C.F.R. § 1602.14 even without evidence of bad faith destruction of documents). I am persuaded that some intentional

7

misconduct is required to justify the sanction of a negative inference, however, and that § 1602.14 does not impose strict liability where a party has failed to maintain perfect record keeping. See Mitchell v. Utah State Tax Comm., 26 F. Supp. 2d 1321, 1326 (D. Utah 1998). The Second Circuit Court of Appeals in Zimmerman indicated that "intentional destruction satisfies the *mens rea* requirement." The plaintiffs have failed even to show intentional destruction by Home Depot, however. To the contrary, there is no evidence disputing Home Depot's contention that any missing documents merely were lost. *Motion*, at pp.7-9; *Response*, at ¶9.

V.

IT IS ORDERED that the Motion for Sanctions is DENIED.

Dated March 1, 2007.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge