IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 05–cv–02590–EWN–BNB

LUIS ALVARIZA,
MERRI BETH BALDWIN,
REBECCA GUTIERREZ, and
KATHERINE BOAZ,

    Plaintiffs,

v.

HOME DEPOT,

    Defendant.

---

**ORDER AND MEMORANDUM OF DECISION**

---

This is an employment discrimination case. Plaintiff Luis Alvariza instituted this action against Defendant Home Depot, asserting claims for: (1) age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* (2006) ("ADEA"); (2) race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (2006) ("Title VII"); and (3) promissory estoppel. This matter is before the court on "Defendant's Motion for Summary Judgment on Plaintiff Alvariza's Claims and Brief in Support" (#52), filed on August 21, 2006. Jurisdiction is premised upon 28 U.S.C. §§ 1331, 1367 (2006).

**FACTS**

*1.  Procedural History*

On December 20, 2005, Plaintiff Alvariza and three other plaintiffs (collectively, "Plaintiffs") filed their complaint in this court. (Verified Compl. and Demand for Trial by Jury [filed Dec. 20, 2005].) On January 30, 2006, Plaintiffs filed an amended complaint, asserting claims for age, gender, and race discrimination as well as claims based on the theory of promissory estoppel. (Verified Am. Compl. and Demand for Trial by Jury [filed Jan. 30, 2006] [hereinafter "Compl."].) Plaintiff Alvariza's discrimination claims are based solely on race and age. (*Id.* ¶¶ 251–63, 277–90.)

On August 21, 2006, Defendant filed four motions for summary judgment, addressing the claims of each Plaintiff separately. (Def.'s Mot. for Summ. J. on Pl. Alvariza's Claims and Br. in Supp. [filed Aug. 21, 2006] [hereinafter "Def.'s Br."]; Def.'s Mot. for Summ. J. on Claims of Pl. Baldwin and Br. in Supp. [filed Aug. 21, 2006]; Def.'s Mot. for Summ. J. on Claims of Pl. Gutierrez and Br. in Supp. [filed Aug. 21, 2006]; Def.'s Mot. for Summ. J. on Pl. Katherine Boaz's Claims and Br. in Supp. [filed Aug. 21, 2006].) In its motion concerning Plaintiff Alvariza (hereinafter "Plaintiff"), Defendant asserts: (1) Plaintiff's claims must be restricted to a limited period of time; (2) Plaintiff cannot establish constructive discharge under Title VII or the ADEA; (3) Plaintiff's age discrimination claim is unexhausted and unsupported by evidence; (4) Plaintiff's race discrimination claim fails because Plaintiff is white, has failed to exhaust his administrative remedies, and lacks evidence of discrimination; and (5) Plaintiff's promissory estoppel claim is unsupported by the law or evidence. (Def.'s Br. at 12–26.) On November 6, 2006, Plaintiff filed his response. (Pl. Luis Alvariza's Resp. to Def.'s Mot. for Summ. J. [filed Nov. 6, 2006]

[hereinafter "Pl.'s Resp."].)  On November 21, 2006, Defendant filed its reply.  (Def.'s Reply Br. in Supp. of Mot. for Summ. J. on Pl. Alvariza's Claims [filed Nov. 21, 2006] [hereinafter "Def.'s Reply"].)

On November 6, 2006, Plaintiffs filed a motion for sanctions based on alleged abuses of the discovery process by Defendant.  (Mot. for Sanction of Adverse Inferences under Fed. R. Civ. Pro. 37[c] [filed Nov. 6, 2006].)  Therein, Plaintiffs requested sixty-three adverse factual inferences that would aid their opposition of Defendant's summary judgment motions.  (*Id.* at 12–40.)  On November 7, 2006, I referred the motion to Magistrate Judge Boland.  (Mem. [filed Nov. 7, 2006].)  On March 1, 2007, Magistrate Judge Boland issued an order denying Plaintiffs' motion for sanctions.  (Order [filed Mar. 1, 2007].)

### *2.    Factual Background*

In November 2001, Plaintiff became the store manager of Defendant's store in Denver, Colorado.  (Def.'s Br., Undisputed Facts ¶ 1; *admitted at* Pl.'s Resp., Resp. to Statement of Undisputed Facts ¶ 1.)  On August 20, 2003, Plaintiff resigned.  (*Id.*, Undisputed Facts ¶ 25; *admitted in relevant part at* Pl.'s Resp., Resp. to Statement of Undisputed Facts ¶ 25.)  On August 21, 2003, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC").  (*Id.*, Undisputed Facts ¶ 2; *admitted in relevant part at* Pl.'s Resp., Resp. to Statement of Undisputed Facts ¶ 2.)  On the charge, Plaintiff checked the boxes for "national origin" discrimination and "retaliation."  (*Id.*, Ex. B at 1 [EEOC Charge].)  In the narrative section of the charge, Plaintiff stated:

> I believe I was discriminated against because of my national origin (Hispanic), and in retaliation, both in violation of Title VII of the Civil Rights Act of 1964, as amended, inasmuch as:

      a.      I have been working for the company for a number of years, and have received several promotions. My performance has always been satisfactory or above, and I have no attendance problems.
      b.      I opposed what I believe was discriminatory treatment during the latter part of 2002.
      c.      I was written up on July 15, 2003, and was placed on a performance improvement plan for actions that I was not guilty of.
      d.      I felt the working conditions were severe enough that I had no choice except to resign, which I did effective August 20, 2003.

(*Id.*) In an EEOC questionnaire he filled out on August 21, 2003, Plaintiff identified his race as "white" and his national origin as "Hispanic." (*Id.*, Ex. R at 1 [EEOC Questionnaire].) In deposition, Plaintiff identified himself as "white," explaining that all of his grandparents were Italians who immigrated to Uruguay and that both he and his parents were born in Uruguay. (*Id.*, Ex. A at 21–22 [Alvariza Dep.].)

**ANALYSIS**

*1.    Legal Standard*

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) (2006); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986); *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994). The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works*, 36 F.3d at 1518 (citing *Celotex*, 477 U.S. at 325). The nonmoving

party may not rest solely on the allegations in the pleadings, but must instead designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see* Fed. R. Civ. P. 56(e) (2006). A fact in dispute is "material" if it might affect the outcome of the suit under the governing law; the dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997) (citing *Anderson*, 477 U.S. at 248). The court may consider only admissible evidence when ruling on a summary judgment motion. *See World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985). The factual record and reasonable inferences therefrom are viewed in the light most favorable to the party opposing summary judgment. *Byers v. City of Albuquerque*, 150 F.3d 1271, 1274 (10th Cir. 1998) (citing *Concrete Works*, 36 F.3d at 1517).

*2.     Evaluation of Claims*

*a.     Exhaustion of Administrative Remedies*

Defendant argues that Plaintiff failed to exhaust his administrative remedies with respect to both the race and age discrimination claims he presently asserts before this court. (Def.'s Br. at 15–16, 21–22.) Plaintiff does not address exhaustion in his argument in response to summary judgment. (*See* Pl.'s Resp.) As set forth below, I agree with Defendant with respect to Plaintiff's age claim, but I withhold determination with respect to his race claim.

"Exhaustion of administrative remedies is a 'jurisdictional prerequisite' to suit under Title VII" and the ADEA. *Jones v. Runyon*, 91 F.3d 1398, 1399 (10th Cir. 1996); *see Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1309 (10th Cir. 2005) (emphasizing that the charge filing requirements of Title VII and the ADEA are similar and should be construed consistently). To exhaust administrative remedies, a claimant must first file a charge with the EEOC. *Simms v.*

*Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). The charge tells the agency what to investigate, provides it with the opportunity to conciliate the claim, and gives the charged party notice of the alleged violation. *Seymore v. Shawver & Sons, Inc.*, 111 F.3d 794, 799 (10th Cir. 1997), *abrogated on other grounds by Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003). A party's failure to mark a box for a particular type of discrimination in the charge creates a presumption that he is not asserting claims under the unmarked theories. *Gunnell v. Utah Valley State Coll.*, 152 F.3d 1253, 1260 (10th Cir. 1998).

The undisputed evidence reveals that Plaintiff did not check the boxes on his EEOC charge for either age or race discrimination. (Def.'s Br., Ex. B at 1 [EEOC Charge].) Plaintiff only checked the boxes for "national origin" discrimination and "retaliation." (*Id.*) In the narrative portion of the charge, Plaintiff clearly asserted his belief that he was "discriminated against because of [his] national origin (Hispanic)," but he did not contend that he had suffered age discrimination or assert any facts from which one might infer that he was the victim of age discrimination. (*See id.*) Based on its investigation of Plaintiff's charge, the EEOC issued a right-to-sue letter on August 22, 2005. (Supplement/Amendment to Am. Compl. (Verified) and Demand for Trial by Jury, Ex. 1 [Right-to-Sue Letter] [filed Jan. 30, 2006].) That letter authorized suit under Title VII but not under the ADEA. (*Id.*, Ex. 1 at 1 [Right-to-Sue Letter].)

    *(1)  ADEA Exhaustion*

A recent Tenth Circuit case is particularly instructive with respect to Plaintiff's age discrimination claim. In *Belcher v. Boeing Commercial Airplane Group*, the plaintiff checked only the box for race discrimination in his EEOC charge, leaving the boxes for retaliation and

disability discrimination blank. 105 Fed. App'x 222, 227 (10th Cir. 2004). Nonetheless, the plaintiff subsequently brought suit in district court for retaliation, race discrimination, and disability discrimination. *Id.* at 225. In examining whether the plaintiff had exhausted his administrative remedies with respect to the unchecked claims, the court emphasized that: (1) the plaintiff had only checked the box for race discrimination; and (2) the narrative portion of the charge was devoid of any suggestion of retaliation or disability discrimination. *Id.* at 227; *see also Gunnell*, 152 F.3d at 1260 (looking to narrative section of charge for evidence rebutting presumption that unmarked forms of discrimination are not being asserted). Thus, the court upheld the district court's finding of exhaustion. *Belcher*, 105 Fed. App'x at 227; *see also Echols v. Today's Staffing*, 35 Fed. App'x 776, 777 (10th Cir. 2002) ("An examination of the record makes it apparent that [the plaintiff's] EEOC charge provided no suggestion of a racial discrimination theory. The district court therefore properly dismissed his federal-court action for failure to exhaust administrative remedies.").

In the case *sub judice*, Plaintiff did not check the age discrimination box. (Def.'s Br., Ex. B at 1 [EEOC Charge].) This creates a presumption that Plaintiff did not intend to assert an age discrimination claim. *See Gunnell*, 152 F.3d at 1260. The narrative section of the charge is devoid of any allegations that could reasonably be construed to suggest the age discrimination theory Plaintiff presently asserts in this court. (*See* Def.'s Br., Ex. B at 1 [EEOC Charge].) Thus, the narrative section of Plaintiff's charge does not rebut the presumption created by Plaintiff's failure to check the age discrimination box. *See Gunnell*, 152 F.3d at 1260. Accordingly, I find that Plaintiff failed to exhaust his administrative remedies with respect to his age discrimination

claim, which must be dismissed for want of subject-matter jurisdiction. *See Khader v. Aspin*, 1 F.3d 968, 971 (10th Cir. 1993).

The court generously construes Plaintiff's response to make one weak argument counseling against this result. In the facts section of his response to Defendant's motion for summary judgment, Plaintiff asserts that immediately after filing his EEOC charge, he retained counsel who sent Defendant letters detailing his race and age discrimination claims. (Pl.'s Resp., Statement of Additional Disputed Facts ¶ 51, Ex. 2A [July 20, 2004 Letter from Pl.'s Counsel to Def.], Ex. 2C [Sept. 23, 2004 Letter from Pl.'s Counsel to Def.].) Plaintiff also asserts that copies of the letters "are on file with the EEOC," but fails to state when the letters were submitted to the agency. (*Id.*, Statement of Additional Disputed Facts ¶ 49.) This court's research has revealed no authority supporting the proposition that exhaustion may be achieved by merely furnishing documents alleging forms of discrimination not stated in a party's initial charge. *Cf. Rodriguez v. Miller Waste Mills, Inc.*, 72 Fed. App'x 839, 845 (10th Cir. 2003) (rejecting plaintiff's argument that letter to EEOC requesting amendment to charge sufficed for purposes of exhaustion). Even assuming the letters were submitted to the EEOC prior to its issuance of Plaintiff's right-to-sue letter (a fact Plaintiff neglects to establish), the fact that Plaintiff's right-to-sue letter did not authorize suit under the ADEA strongly suggests that the EEOC did not view submission of the letters as a request to amend Plaintiff's charge. I find that mere submission of copies of letters explaining claims not asserted in a charge does not satisfy the exhaustion requirements of the ADEA.

### *(2)* *Race/National Origin Discrimination*

As set forth above, while Plaintiff checked the box for "national origin" discrimination and left the "race" box blank, Plaintiff did assert in the narrative portion of his charge that he had been "discriminated against because of [his] national origin (Hispanic)." (Def.'s Br., Ex. B at 1 [EEOC Charge].) The court appreciates that the term "Hispanic" may be flexible enough to span the boundaries of "race" and "national origin." *See Daneshvar v. Graphic Tech., Inc*., 18 F. Supp. 2d 1277, 1284 (D. Kan. 1998) (collecting cases discussing the marked difficulty of distinguishing between race and national origin discrimination). In light of the remarkable substantive shortcomings of Plaintiff's race discrimination claims (discussed immediately below), the court will assume without deciding that Plaintiff's assertion that he was "discriminated against because of [his] national origin (Hispanic)" sufficed to exhaust his administrative remedies with respect to race discrimination.

### b.    *Race/National Origin Discrimination*

Defendant argues that: (1) Plaintiff is not in a protected racial category; and (2) the undisputed facts defeat any inference of race or national origin discrimination. (Def.'s Br. at 22–23.) Plaintiff's response argument focuses exclusively on his ADEA claims, making only two passing references to Title VII and otherwise failing to engage Defendant's race/national origin arguments.[1] (Pl.'s Resp. at 24–25.) Indeed, the argument section of Plaintiff's brief consists only of the following: (1) section A, entitled "[Plaintiff's] Claims Cover More than the 'Limited Period of Time;'" and (2) section B, entitled "[Plaintiff's] Age Claim Survive [sic] Summary Judgment,"

---

[1]Indeed, Plaintiff only thrice mentions race/nationality in his response argument, asserting that his predecessor was "a white male under [forty]" and referring to himself as a "42Hispanic [sic] male" and "Hispanic male, over [forty] years of age." (Pl.'s Resp. at 26, 29, 33.)

which is divided into subsections entitled "Violation of the ADEA," "Pretext," and "Disparate Treatment." (*Id.* at 25–33.) The substance of Plaintiff's argument touches only upon: (1) his so-called direct evidence of age discrimination, (*id.* at 26–29); (2) his so-called indirect evidence supporting *prima facie* case for age discrimination, (*id.* at 29–30); (3) his pretext arguments, (*id.* at 30–32); and (4) his evidence in support of a *prima facie* case of disparate treatment in violation of the ADEA, (*id.* at 33).

Not only did Plaintiff entirely fail to respond to Defendant's race/national origin arguments by focusing exclusively on his ADEA claims, he also admitted to the following factual assertions: (1) "[Plaintiff] testified that he has no facts suggesting that the criticisms of his performance in September 2002 were based on his race or national origin," (Def.'s Br., Undisputed Facts ¶ 45; *admitted at* Pl.'s Resp., Resp. to Statement of Undisputed Facts ¶ 45); (2) "[Plaintiff] testified that he has no facts suggesting that the actions of the alleged discriminators in July 2003 were based on his national origin," (*id.*, Undisputed Facts ¶ 46; *admitted at* Pl.'s Resp., Resp. to Statement of Undisputed Facts ¶ 46); and (3) "[Plaintiff] further testified that he has no facts suggesting that [his direct supervisor] or anyone else took any of the alleged actions against him based on the fact that he is allegedly Hispanic," (*id.*, Undisputed Facts ¶ 47; *admitted at* Pl.'s Resp., Resp. to Statement of Undisputed Facts ¶ 47).

Although Plaintiff does assert in the facts section of his brief that "[Defendant's] treatment of [Plaintiff] as a human being and as a[n] employee was *definitely* discriminatory based on his age and his Hispanic roots," (Pl.'s Resp, Statement of Additional Disputed Facts ¶ 52 [emphasis added]), I find that such a patently conclusory, self-serving, factually unsupported allegation is *definitely* insufficient to create an issue of fact precluding summary judgment. *See Annett v. Univ.*

*of Kan.*, 371 F.3d 1233, 1237 (10th Cir. 2004) (stating "unsupported conclusory allegations . . . do not create a genuine issue of fact" on summary judgment). Accordingly, I find that Defendant met its burden of showing an absence of evidence supporting Plaintiff's race/national origin claims, and, thus, the burden shifted to Plaintiff to demonstrate a genuine issue for trial on the question. *See Celotex*, 477 U.S. at 325. As Plaintiff (1) confessed key facts undermining his claims and (2) did not bother to respond to Defendant's arguments, I find that Plaintiff has failed to meet that burden. Defendant is thus entitled to summary judgment on Plaintiff's race/national origin claims.

### c. *Breach of Employment Contract and Promissory Estoppel*

Defendant argues that Plaintiff's admission in his deposition that he did not have an oral or written contract with Defendant unambiguously contradicts Plaintiff's allegation that "[b]y virtue of the conduct of the parties, a contract of employment was formed between [Plaintiff] and [Defendant]." (Def.'s Br. at 23–24, Ex. A at 61 [Alvariza Dep.].) Defendant also argues that Plaintiff's admission that he did not rely upon the purported promise underlying his promissory estoppel claim defeats the claim as a matter of law. (*Id.* at 25–26, Ex. A at 143 [Alvariza Dep.]); *see Berg v. State Bd. of Agric.*, 919 P.2d 254, 259 (Colo. 1996) (stating promissory estoppel has four elements, the third of which is that promisee reasonably relied to his detriment on promise). Plaintiff does not respond to Defendant's well-supported arguments. (Pl.'s Resp.) I find that Defendant met its burden of showing of an absence of evidence supporting either claim, and, thus, the burden shifted to Plaintiff to demonstrate a genuine issue for trial on the question. *See Celotex*, 477 U.S. at 325. As Plaintiff has not even bothered to respond to Defendant's

arguments, I find that Plaintiff has failed to meet that burden. Defendant is thus entitled to summary judgment.

### 3. *Conclusion*

Based on the foregoing it is therefore ORDERED that:

1. DEFENDANT's motion (#52) is GRANTED.

The clerk shall forthwith enter judgment in favor of Defendant and against Plaintiff Alvariza, dismissing Plaintiff Alvariza's: (1) ADEA claims for want of subject-matter jurisdiction; and (2) Title VII and promissory estoppel claims with prejudice. Defendant may have its costs by filing a bill of costs within eleven days of the date of this order.

Dated this 14th day of March, 2007

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge