IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 05–cv–02590–EWN–BNB

LUIS ALVARIZA,
MERRI BETH BALDWIN,
REBECCA GUTIERREZ, and
KATHERINE BOAZ,

    Plaintiffs,

v.

HOME DEPOT,

    Defendant.

---

### ORDER CONCERNING OBJECTIONS TO MAGISTRATE JUDGE'S ORDER

---

This is an employment discrimination case. This matter is before the court on Plaintiffs' "Petition for Review of Magistrate's [sic] Order Denying Plaintiffs' Motion for Sanctions," filed on March 14, 2007. Therein, Plaintiffs object to aspects of Magistrate Judge Boyd N. Boland's March 1, 2007 order denying their "Motion for Sanctions of Adverse Inferences Under Fed. R. Civ. Pro [sic] 37(c)." (Order [filed Mar. 1, 2007] [hereinafter "Order"].)

As Plaintiffs' motion sought resolution of a discovery dispute, the magistrate judge's order exclusively addressed non-dispositive pretrial matters. A district court's review of a magistrate judge's decision on a non-dispositive pretrial matter is governed by 28 U.S.C. § 636(b)(1)(A). Under that provision, the district court may reconsider any pretrial matter where a party shows

that the magistrate judge's order is clearly erroneous. 28 U.S.C.A. § 636(b)(1)(A) (West 2007); *see also* Fed. R. Civ. P. 72(a); *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997). "The clearly erroneous standard . . . requires that the reviewing court affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 [1948]).

At issue in Plaintiffs' motion was Defendant's failure to turn over complete personnel records of twenty-two current and former employees pursuant to an out-of-court discovery agreement (hereinafter, the "Agreement"). The Agreement came about after the magistrate judge ordered Defendant to permit its CEO to be deposed regarding Plaintiff Luis Alvariza's "pretext" argument. The parties subsequently conferred and agreed that Plaintiffs would forgo deposing the CEO in exchange for Defendant's agreement:

> (a) to refrain from opposing Plaintiffs' Motion for a [forty-nine]-day extension of the deadline for responding to the company's summary judgment motions; (b) to respond to interrogatories which [sic] [Defendant] contended had not been served by the discovery cut-off . . . ; (c) to produce . . . performance-related documents on comparitors from [twenty-two] additional personnel files that, arguably, had not been previously requested in discovery; (d) to produce . . . computer generated information concerning performance on the same [twenty-two] employees; and (e) to provide an additional 30(b)(6) witness to testify about the [twenty-two] individuals and the documents produced.

(Joint Status Report Concerning Discovery Issues Related to Pending Motions ¶ 3 [filed Oct. 18, 2006].) Plaintiffs later filed a motion for sanctions asserting Defendant had failed to turn over "complete" personnel files for each of the twenty-two comparitors. (Mot. for Sanction of Adverse Inferences under Fed. R. Civ. Pro [sic] 37[c] [filed Nov. 6, 2006].) While Defendant

asserts it "made extensive, good-faith efforts to locate [the files subject to the Agreement] and has produced each and every available document in its possession," it admits that performance-related documents were missing from some of the twenty-two comparitors' files. (Def.'s Resp. to Pls.' Mot. for Sanction of Adverse Inferences under Fed. R. Civ. Pro [sic] 37[c] at 1, Ex. A ¶ 3 [Aff. of Hal Stewart], Ex. C ¶ 5 [Decl. of Joann Compton] [filed Nov. 27, 2006] [hereinafter "Def.'s Resp."].)

The magistrate judge found:

> I am not bound by the agreements of counsel inconsistent with my discovery orders. In particular, I am not required to enforce the [Agreement] at issue here, where [P]laintiffs intentionally abandoned their right under my order compelling a deposition on a wholly unrelated topic in exchange for [Defendant's] agreement to provide documents never sought through formal discovery.

(Order at 5 [citation omitted].) The magistrate judge then rejected Plaintiffs' motion on two distinct grounds: (1) it failed under Federal Rule of Civil Procedure 37(c); and (2) it failed when construed as a motion for spoliation of evidence. (*Id.* at 6, 8.) I consider each basis in turn.

*1.     Rule 37(c)*

Plaintiffs first object to the magistrate judge's determination that Rule 37(c)(1) does not apply to the Agreement. (Pet. for Review of Magistrate's [sic] Order Denying Pls.' Mot. for Sanctions ¶¶ 9–14 [filed Mar. 14, 2007] [hereinafter "Pls.' Objections"].) A review of Rule 37(c)(1) and the rules referenced therein is necessary. Rule 37(c)(1) provides:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

Fed. R. Civ. P. 37(c)(1); *see also* 20 CHARLES A. WRIGHT *et al.*, FEDERAL PRACTICE AND PROCEDURE § 96, at 864 (3d ed. 2002) ("The general scheme of [Rule 37] is that sanctions can be imposed only for failure to comply with an order of the court."). Rule 26(a) provides that a party must disclose "all documents . . . that are in the possession, custody, or control of the party and that the disclosing party *may use to support its claims or defenses*." Fed. R. Civ. P. 26(a)(1)(B) (emphasis added).[1] Rule 26(e)(1) mandates supplementation if an initial 26(a) disclosure proves to be incomplete. *Id.* 26(e)(1). Rule 26(e)(2) requires amendment of incomplete or incorrect responses to formal discovery requests. *Id.* 26(e)(2).

A court has broad discretion to determine whether a Rule 26 violation is "substantially justified" or harmless. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999); *see* Fed. R. Civ. P. 36(c)(1). The Tenth Circuit has set forth four factors to guide a court called on to make this determination: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Woodworker's Supply*, 170 F.3d at 993. These factors suggest that Rule 37(c) is chiefly targeted at protecting a party from being ambushed at trial with previously undisclosed evidence. By contrast, here, Defendant contends it cannot locate and therefore can never use the evidence at issue in Plaintiffs' motion. (*See* Def.'s Resp.) Thus, I conclude: (1) Rule 37(c)(1) does not speak to Plaintiffs' request for sanctions arising out of Defendant's

---

[1] Neither the magistrate judge's order nor Plaintiffs' objections thereto concern other subsections of Rule 26(a). (*See* Order at 5–6; Pls.' Objections ¶¶ 9–11.)

-4-

inability to live up to its promise to furnish certain records; and (2) it should be obvious that there is, at most, only a minimal risk that Defendant would use evidence that it has unequivocally represented to be lost or nonexistent to defend itself in this litigation — if that risk were to materialize, Plaintiff would then be free to file a proper Rule 37(c) motion. Accordingly, I find that the magistrate judge was on firm ground when he determined Rule 37(c) "does not apply" to Plaintiffs' motion.

For the sake of thoroughness, I proceed to consider Plaintiffs' tenacious, if ill-conceived, objections to underlying aspects of the magistrate judge's sound determination concerning Rule 37(c). As noted above, Rule 37(c) may be employed to remedy a failure to tender evidence that the tendering party "may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(B), 37(c)(1). The magistrate judge found: "There is no indication [Defendant] intends to use any of the disputed personnel files in support of its defenses." (Order at 6.) Plaintiffs object, asserting Defendant "does use personnel files in support if [sic] its defense to Plaintiffs' claim of disparate treatment." (Pls.' Objections ¶ 10.) Plaintiffs proceed to argue: "By defending itself against a claim of disparate treatment by asserting that their [sic] records do not contain evidence relevant to Plaintiffs' claims, it seems logical to infer that Home [sic] has used the personnel files in its control in support of a defense." (*Id.*) This is nonsense. As noted above, Defendant asserts that it turned over "each and every" Agreement-related personnel file that it has in its possession. (*See*

Def.'s Resp. at 1.) Thus, it is patently "[*il*]logical to infer that [Defendant] has used personnel files" it does not have "in support of a defense."[2]

As noted above, Rule 37(c) may be employed to remedy a failure to supplement incomplete or incorrect responses to formal discovery requests. Fed. R. Civ. P. 26(e)(2), 37(c)(1). The magistrate judge found: "The information in dispute here was not sought by a formal discovery request." (Order at 6.) Plaintiffs object and argue: "Respectfully, when [Defendant] agreed to provide [twenty-two] personnel files to Plaintiffs [pursuant to the Agreement] as a part of the discovery process, it must have agreed to be bound by the rules governing that process." (Pls.' Objections ¶ 11.) However, Rule 26(e)(2) creates a duty to seasonably amend only discovery propounded in response to "interrogator[ies], request[s] for production, or request[s] for admission." Fed. R. Civ. P. 26(e)(2). The magistrate judge's determination that the Agreement was beyond the purview of this Rule is unequivocally supported by the Rule's plain language. Accordingly, I find no error — clear or otherwise.

Finally, Plaintiffs generally object to the magistrate judge's determination that Rule 37(c) is inapplicable to their motion by asserting that the information sought therein was also "sought by discovery requests, albeit requests *to which [Defendant] originally objected*. . . ." (Pls.' Objections ¶ 12 [emphasis added].) This is mind-boggling. Plaintiffs cannot and do not assert that they sought to compel responses to the requests for production to which Defendant objected.

---

[2]The court notes that Defendant was under no Rule 26(e)(1) obligation to supplement that which Rule 26(a)(1) did not initially require. *See* Fed. R. Civ P. 26(e)(1).

I will not permit Plaintiffs to use their objections to the magistrate judge's order to resurrect long-abandoned discovery requests.

## *2.  Spoliation*

Rather than dismiss Plaintiffs' motion for its failure to comport with the rule under which it was brought, the magistrate judge generously construed Plaintiffs' motion for sanctions as a spoliation motion. (Order at 6–8.) Nevertheless, the magistrate judge found that Plaintiffs had fallen short of proving entitlement to adverse inferences under the spoliation standard. (*Id.*) In order to understand Plaintiffs' spoliation-related objections, it must first be understood that Plaintiffs asserted in their motion for sanctions that Defendant violated 29 C.F.R. § 1602.14 by failing to maintain complete personnel records for those employees to whom the Agreement pertained.[3] (Mot. for Sanctions at 10.)

Plaintiffs object to the magistrate judge's determination that "some intentional misconduct is required to justify the sanction of a negative inference. . . . [Section] 1602.14 does not impose strict liability where a party has failed to maintain perfect record keeping." (Order at 8; *see* Pls.'

---

[3]In relevant part, the regulation provides:

> Any personnel or employment record made or kept by an employer . . . shall be preserved by the employer for a period of one year from the date of the making of the record or the personnel action involved, whichever occurs later. In the case of involuntary termination of an employee, the personnel records of the individual terminated shall be kept for a period of one year from the date of termination.

29 C.F.R. § 1602.14 (2007). In denying Plaintiffs' motion for sanctions, the magistrate judge never reached the issue of whether the documents Defendant could not find fell within the ambit of 29 C.F.R. § 1602.14. (*See* Order.) Defendant vigorously disputed Plaintiffs' contention that they did. (*See* Def.'s Resp. at 10–12.)

-7-

Objections ¶¶ 14–17.) Plaintiffs assert that "bad faith is not required to support sanctions where documents are destroyed in violation of [section] 1602.14." (*Id.* ¶ 16.) In support of their assertion, Plaintiffs cite to *Hicks v. Gates Rubber Co.*, 833 F.2d 1406, 1419 (10th Cir. 1987) and *Zimmermann v. Associates First Capital Corp.*, 251 F.3d 376, 383–84 (2d Cir. 2001). (*Id.*)

In *Hicks*, it was the employer's practice to destroy "clock charts and daily reports." 833 F.2d at 1419. In light of the employer's manager's testimony that the charts and reports were routinely used for determining whether disciplinary action should be taken against an employee, and were in fact relied on in disciplining and ultimately firing the plaintiff, the Tenth Circuit determined the documents were covered by 29 C.F.R. § 1602.14 and, thus, should have been retained. *Id.* Although the court observed that the "record does not support the assertion that [the employer] acted in bad faith in destroying [] documents," the court nevertheless determined that on remand the plaintiff was entitled to "the benefit of a presumption that the destroyed documents would have bolstered her case." 833 F.2d at 1419 & n.5; *see also Zimmerman*, 251 F.3d at 383 ("[W]here . . . the employer was required by law to retain the employee's records . . . bad faith that might otherwise be required . . . need not be shown to permit an adverse inference; intentional destruction satisfies the *mens rea* requirement.") (citations omitted).

Because of *Hicks*'s silence on the question of intent, Plaintiffs reasonably argue that the *mens rea* standard articulated in *Zimmerman* is the proper standard by which to determine whether adverse inferences should be drawn when documents are destroyed in violation of 29 C.F.R. § 1602.14. (Pls.' Objections ¶ 16 [citing *Zimmerman*, 251 F.3d at 383–84 ("[I]ntentional destruction satisfies the *mens rea* requirement.")].) Notably, in both *Hicks* and *Zimmerman*, the

employers admitted they intentionally destroyed the section 1602.14 documents.  *Hicks*, 833 F.2d at 1419 (stating it was employer's "routine business practice" to destroy the "clock charts and daily reports" at issue); *Zimmerman*, 251 F.3d at 380, 383 (reciting employer's assertion that it had "thrown out" all documents relating to plaintiff's poor performance).

The magistrate judge specifically considered *Hicks* and *Zimmermann* and then determined that "some intentional misconduct is required to justify the sanction of a negative inference." (*See* Order at 7–8.)  In making this determination, the magistrate judge relied chiefly on *Aramburu v. Boeing Co.*, the case in which the Tenth Circuit first recognized the doctrine of spoliation of evidence:

> Although the parties have not directed us to precedent from this circuit on the evidentiary doctrine of spoilation and we cannot locate any such precedent, the general rule is that bad faith destruction of a document relevant to proof of an issue at trial gives rise to an inference that production of the document would have been unfavorable to the party responsible for its destruction.  The adverse inference *must* be predicated on the bad faith of the party destroying the records.  Mere negligence in losing or destroying records is not enough because it does not support an inference of consciousness of a weak case.

112 F.3d 1398, 1407 (10th Cir. 1997) (citations omitted) (emphasis added); *accord Zolo Techs. v. Roadway Express Inc.*, No. 05–CV–00494, 2006 WL 898132, at *2 (D. Colo. Apr. 4, 2006).  To the extent *Aramburu* is distinguishable from *Hicks* and *Zimmerman* on the grounds that *Hicks* and *Zimmerman* impose a "bad faith *per se*" rule when an employer intentionally destroys employee records that it is required by law to retain, Plaintiff's objections still fail because the magistrate judge's factual findings preclude imposing sanctions under either line of cases.

The magistrate judge determined that Plaintiffs failed to establish that Defendant "destroyed the contents of the disputed personnel files in bad faith or that the destruction actually prejudiced [P]laintiffs," emphasizing that "there is no evidence disputing [Defendant's] contention that the missing documents were merely lost." (Order at 6, 8.)  It is possible that Plaintiffs objected to this finding when they asserted:

> The [m]agistrate [j]udge also found that Plaintiffs had not demonstrated [Defendant's] inability to produce material in its possession was merely lost [sic]. Respectfully, the finding is clearly erroneous.  [Defendant] agreed to produce a certain sequence of documents.  It is an admitted fact that after [Defendant] agreed to provide the material, the material turned up missing.  An underlying question goes unanswered if one accepts the [m]agistrate [j]udge's reasoning: how can one agree to produce something and then realize it does not have the thing to produce? The only answer can be that the thing has been allowed to disappear, after the thing was said to have existed.

(Pls.' Objections ¶ 17.)  The more sensible answer to the "underlying question" Plaintiffs raise is that while one can *agree to produce* all the evidence in the world, one can *produce* only that evidence which one possesses or controls.  As noted above, Defendant represented that it "made extensive, good-faith efforts to locate [the documents] and has produced each and every available document in its possession." (Def.'s Resp. at 1.)  To the extent Plaintiffs argue that Defendant's failure to come forward with documents it agreed to produce is sufficient to overcome the magistrate judge's determination that "there is no evidence disputing [Defendant's] contention that the missing documents were merely lost" and thus prove that Defendant intentionally destroyed those documents, I cannot agree. Without more, the mere fact that Defendant agreed to provide certain documents, looked for such documents, and was unable to find them is insufficient to support a reasonable inference of intentional destruction under Plaintiff's reading of

-10-

*Hicks* and *Zimmerman* — let alone an inference of bad faith under *Aramburu*. After thoroughly reviewing the record, I am left with the firm and definite conviction that the magistrate judge's order was well-reasoned and well-supported and, thus, must stand.

Based on the foregoing it is therefore ORDERED that:

1. The magistrate judge's order (#97) is AFFIRMED.

Dated this 23rd day of March, 2007

                                                        BY THE COURT:

                                                        s/ Edward W. Nottingham
                                                        EDWARD W. NOTTINGHAM
                                                        United States District Judge